**JAMES H. BARTOLOMEI III, P.A.**
James H. Bartolomei III (CA Bar 301678)
Email: james@duncanfirm.com
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: (501) 228-7600
Fax: (501) 228-0415

*Attorneys for Plaintiff*
*NY BLACK AND GOLD CORPORATION*

**LAW OFFICES OF
MICHAEL P. MANAPOL**
Michael P. Manapol
(CA Bar 258300)
P.O. Box 252
Coppell, TX 75019
Telephone: (310) 467-7283
michael@manapollaw.com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

NY BLACK AND GOLD
CORPORATION,

       *Plaintiff,*

       v.

CREATIVE DANES INC. d/b/a
HUMBLE HILO |
CREATING A COMMON THREAD,
and DOES 1-10, inclusive,

       *Defendants*.

Case No.
    **'26 CV 3841 LL   MMP**

**COMPLAINT FOR COPYRIGHT
INFRINGEMENT (17 U.S.C. § 501)**

**DEMAND FOR JURY TRIAL**

Plaintiff NY BLACK AND GOLD CORPORATION , for its Complaint against Defendant Creative Danes Inc. d/b/a Humble Hilo | Creating a Common Thread and DOES 1 through 10, inclusive, alleges upon knowledge as to its own conduct, and on information and belief based on the investigation of Plaintiff's counsel as to all other conduct alleged herein, as follows:

## I. INTRODUCTION

1. This is an action for copyright infringement under the United States

1

COMPLAINT

Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"), arising from Defendant's unauthorized reproduction, public display, and distribution of Plaintiff's copyrighted photograph (the "Photo") on Defendant's commercial e-commerce website to advertise, market, and sell goods for Defendant's own commercial benefit. Plaintiff is a professional photography company that generates income from licensing itscopyrighted works. Defendant copied and used the Photo without a license, without permission, and without compensation to Plaintiff.

## II.   PARTIES

2.      Plaintiff NY Black and Gold Corporation ("NYBG"), a California corporation with its principal place of business at 3103 17th Street, Santa Monica, California 90405, does business as "Black & Gold Corporation," "Black & Gold," and "Black & Gold Agency." NYBG is an image-centric media company, founded and operated by Elizabeth Waterman ("Waterman") (formerly Waugh), who serves as its director and officer. Waterman is an American fine art photographer whose work explores transformation, identity, and contemporary culture. In addition to her fine art practice, Waterman also earns a living through commercial product photography, applying her distinctive visual style to brand imagery and advertising. On February 10, 2021, NYBG merged with Black & Gold Corporation, a New York corporation also owned by Waterman. By written agreement, NYBG owns the Photo at issue. Accordingly, NYBG has standing to pursue claims for infringement for the Photo.

Waterman owns and controls the copyright in the Photo at issue in this action.

3.      Defendant Creative Danes Inc. d/b/a Humble Hilo | Creating a Common Thread ("Humble Hilo" or "Defendant") is, on information and belief, a corporation organized and existing under the laws of the State of California, with a principal place of business at 7521 Esfera Street, Carlsbad, California 92009. Humble Hilo owns and operates the commercial e-commerce website located at https://humblehilo.com (the "Website"), through which it markets, offers for sale, and sells home goods and

2

COMPLAINT

related merchandise to consumers throughout the United States, including in this District.

4.     DOES 1 through 10, inclusive, are persons or entities whose true names and capacities are presently unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. On information and belief, each fictitiously named Defendant—including the owners, officers, principals, and agents of Humble Hilo—is legally responsible in some manner for the events and conduct alleged herein and for the damages suffered by Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to allege their true names and capacities when ascertained.

### III.   JURISDICTION AND VENUE

5.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 501 *et seq.*

6.     This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyrights).

7.     This Court has personal jurisdiction over Defendant because Defendant is, on information and belief, a California corporation that resides in, is domiciled in, and conducts continuous and systematic business in the State of California, and because Defendant committed the acts of infringement alleged herein in California and directed its infringing conduct at California, including this District.

8.     Defendant has purposefully availed itself of the privilege of conducting business in California and in this District by operating an interactive, commercial website through which it markets, offers for sale, and sells products to consumers in this District, and by publicly displaying and distributing the infringing copy of the Photo to consumers in this District.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendant, an entity subject to personal jurisdiction in this District, may be found in this District, and because a substantial part of the acts of infringement and the resulting harm giving rise to Plaintiff's claims occurred in this District, where Plaintiff

COMPLAINT

resides and where the infringing display was accessible to and directed at consumers. Venue is also proper under 28 U.S.C. § 1391(b).

## IV.  ALLEGATIONS OF FACT

*Plaintiff and The Copyrighted Work*

10.    Waterman is an award-winning fine art and commercial photographer based in Los Angeles, California. Her photographs have been exhibited, published, and licensed commercially, and she derives her livelihood from licensing her copyrighted works through NYBG.

11.    Among the works that Waterman created the photograph at issue in this action (the "Photo"), a professional product photograph. A copy of the Photo, as used by Defendant, is shown below.

12.    Waterman registered the Photo with the United States Copyright Office as part of a group of published photographs. The Photo is covered by U.S. Copyright Registration No. VA 2-210-607, titled "2014_BLACKANDGOLD_Published," with an effective date of registration of June 18, 2020, covering photographs first published between September 24, 2014, and December 24, 2014.

13.    At all relevant times, Plaintiff owned and controlled the exclusive rights in and to the Photo under 17 U.S.C. § 106, including the exclusive rights to reproduce the Photo, to distribute copies of the Photo, to publicly display the Photo, and to prepare derivative works based upon the Photo.

14.    Waterman, through NYBG, licenses her works under a rights-managed licensing model, under which each authorized use is separately licensed and is

4

typically limited in duration, scope, and medium. Waterman has never sold, assigned, or otherwise transferred ownership of the copyright in the Photo, and she charges licensing fees for authorized uses of her works.

***Defendant's Infringing Use of the Photo***

15. Defendant Humble Hilo operates the Website as a commercial, for-profit enterprise, offering home goods and related merchandise for sale to the public.

16. Plaintiff recently discovered that Defendant, without Plaintiff's authorization, copied, reproduced, stored, publicly displayed, and distributed the Photo on the Website to advertise, market, and promote the sale of a product offered by Defendant and identified as the "Acacia Wood Rectangular Bowl" (SKU SAF003), which Defendant offered for sale at a price of $42.95.

17. At the time Plaintiff discovered Defendant's unauthorized use, the infringing copy of the Photo was displayed on the Website at, among other locations, https://humblehilo.com/cdn/shop/products/ef633e3c30b92551fa56604dad18c9bf89c b0d3bf41b2292fb6d3191ad020cde_600x.webp?v=1653681509 and https://humblehilo.com/products/acacia-wood-rectangular-bowl.

18. True and correct copies of screenshots evidencing Defendant's unauthorized use of the Photo are attached hereto as Exhibit A.

19. Defendant's use of the Photo was made in connection with Defendant's commercial, for-profit sale of goods. Defendant used the Photo to make its product listing more attractive to consumers and to promote and sell its merchandise, thereby deriving a commercial benefit from the unauthorized use.

20. Plaintiff has no record that Defendant ever licensed the Photo or otherwise obtained permission to use it. Defendant did not seek or obtain a license from Plaintiff, and Plaintiff did not grant Defendant any license, permission, or authorization to copy, reproduce, display, distribute, or otherwise use the Photo.

21. On information and belief, Defendant's unauthorized use of the Photo was not limited to the uses presently known to Plaintiff. Each separate use of the Photo

by Defendant—including any use on the Website, on Defendant's social media channels, in print, or on third-party platforms—constitutes a separate and independent use that would require a separate license under Plaintiff's rights-managed licensing model.

22. Defendant has no license, authorization, or other legal justification for its use of the Photo, and no fair use or other defense excuses Defendant's conduct.

***Pre-Suit Notice***

23. On April 6, 2026, Plaintiff, through counsel, provided Defendant with written pre-suit notice of Plaintiff's claim for copyright infringement, together with a demand to preserve all relevant evidence, and sought to explore an amicable resolution before commencing litigation. The parties did not reach a resolution, and Plaintiff has been required to retain counsel and commence this action to enforce her rights.

***Harm to Plaintiff***

24. Plaintiff licenses her photographs for a fee under a rights-managed model. Defendant's unauthorized use deprived Plaintiff of the licensing fee she would have charged for the use of the Photo and undermined the value of, and the market for, her copyrighted work.

25. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered actual damages, including the lost fair market value of a license for Defendant's use of the Photo, in an amount to be proven at trial. In addition, Defendant has obtained profits and other commercial benefits attributable to its infringing use of the Photo that are recoverable under 17 U.S.C. § 504(b).

26. The fair market value of a license is measured under the willing buyer/willing seller standard by reference to Plaintiff's licensing history and the fees charged for comparable uses of comparable works, and does not depend on whether Defendant would in fact have negotiated or agreed to Plaintiff's price.

6

COMPLAINT

27.     To the extent the acts of infringement alleged herein commenced after the effective date of registration of the Photo, Plaintiff is further entitled, at her election, to statutory damages under 17 U.S.C. § 504(c) and to recover its costs and reasonable attorneys' fees under 17 U.S.C. § 505.

## V.   CAUSE OF ACTION

### Count I — Copyright Infringement (17 U.S.C. §§ 106, 501)

28.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

29.     Plaintiff owns valid and exclusive right, title, and interest in and to the copyright in the Photo, which is the subject of a valid Certificate of Registration issued by the United States Copyright Office, U.S. Copyright Registration No. VA 2-210-607, attached as Exhibit A.

30.     The Photo is original and constitutes copyrightable subject matter under the Copyright Act. Plaintiff has complied in all respects with the Copyright Act and all laws governing copyright in securing the exclusive rights and privileges in and to the copyright in the Photo.

31.     Plaintiff holds the exclusive rights under 17 U.S.C. § 106 to, among other things, reproduce the Photo, distribute copies of the Photo, publicly display the Photo, and prepare derivative works based upon the Photo.

32.     Defendant infringed Plaintiff's copyright in the Photo by, without authorization, reproducing, copying, storing, publicly displaying, and distributing the Photo on the Website in connection with the marketing and sale of Defendant's products, in violation of 17 U.S.C. §§ 106 and 501.

33.     Defendant's acts of infringement were committed without the permission, license, or consent of Plaintiff.

34.     On information and belief, each unauthorized use of the Photo by Defendant constitutes a separate and independent act of infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106.

35.     As a direct and proximate result of Defendant's infringement, Plaintiff has been damaged and Defendant has profited. Plaintiff is entitled to recover her actual damages, including the fair market value of a license for the infringing use, together with any of Defendant's profits attributable to the infringement that are not taken into account in computing actual damages, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial.

36.     Defendant's infringing conduct has caused, and unless enjoined will continue to cause, irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502 to prevent further infringement of the Photo.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a.     That the Court enter judgment that Defendant has infringed Plaintiff's copyright in the Photo in violation of 17 U.S.C. §§ 106 and 501;

b.     That Defendant, and its officers, agents, servants, employees, representatives, and attorneys, and all persons acting in concert or participation with them, be permanently enjoined pursuant to 17 U.S.C. § 502 from copying, reproducing, displaying, distributing, selling, or otherwise using the Photo in any form or medium, whether now known or hereafter devised, without Plaintiff's authorization;

c.     That Defendant be ordered to account for and disgorge all profits, gains, and benefits derived by Defendant from its infringing use of the Photo, pursuant to 17 U.S.C. § 504(b);

d.     That Plaintiff be awarded its actual damages, including the fair market value of a license for Defendant's use of the Photo, together with Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b);

e.     That, to the extent the infringement alleged herein commenced after the

8

COMPLAINT

effective date of registration of the Photo, Plaintiff be awarded, at its election, statutory damages pursuant to 17 U.S.C. § 504(c), and its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.     That Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law; and

g.     That Plaintiff be granted such other and further relief as the Court deems just and proper.

Dated:  July 1, 2026                          **DUNCAN FIRM, PA**
                                              **LAW OFFICES OF MICHAEL P.**
                                              **MANAPOL**

                                              By: /s/ *Michael P. Manapol*
                                                   James H. Bartolomei
                                                   Michael P. Manapol

                                              *Attorneys for Plaintiff*
                                              *NY BLACK AND GOLD CORPORATION*

9

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.


Dated:  July 1, 2026                    **DUNCAN FIRM, P.A.**
                                        **LAW OFFICES OF MICHAEL P. MANAPOL**

                                        By: /s/ *Michael P. Manapol*
                                            James H. Bartolomei
                                            Michael P. Manapol

                                            *Attorneys for Plaintiff*
                                            *NY BLACK AND GOLD CORPORATION*

10

COMPLAINT

**EXHIBIT A**

https://humblehilo.com/products/acacia-wood-rectangular-bowl?_gl=1*1xdpoy0*_ga*OTU1NDM5MDM5LjE3MjA1NTQ5Ng.*_ga_LVFK8RK2X5*czE3NjE2ODMxMzQxbzI0NGRmMSR0MTc2MTY4MzE1MiRqNDl6oDAkaDA    November 3, 2025 at 4:10 PM GMT+8

Free shipping over $60

Scarves ▾   Fashion ▾   Home ▾   Outlet   About ▾

Q   A   My Cart 🛒 0

SAFFY

## Acacia Wood Rectangular Bowl

$42.95 $70.00 [SALE]

Pay in 2 interest-free installments of $21.48 with shop💰 Learn more

SKU  SAF003

QUANTITY   −   1   +

Add to Cart

Top off your table and meal with a handmade bowl. Serve salads or pasta dishes to guests in this wooden bowl. Or use it as a center piece or decorative bowl anywhere. Every purchase empowers artisans in the Philippines.

Handmade in Philippines


Save 15%







# You may also like

Acacia Wood Rounded Salad Bowl
$35.00 $82.00

Acacia Wood Dinner Plate
$13.00 $26.00

Acacia Wood Side Plate
$14.95 $22.00

Humble Hilo Handmade Felt Bowls
from $11.95

# Projects We Support

Humble Hilo works in partnership with the humanitarian organization, The Humble Village, providing job opportunities in the local communities. Further, we are donating a portion of all Humble Hilo profit to three programs that make sustainable differences in the lives of Guatemala's most vulnerable populations.


**Nutrition**
Feed a malnourished child 2 meals for 1 week


**Education**
Provide literacy classes for a woman for 3 weeks


**Business**
Provide a portion of a microcredit loan to a woman for the duration of 4 days

EXPLORE

Privacy Policy
Terms of Service
Refund Policy
Wholesale

HUMBLE HILO ®

f  ◎  ๏

© 2025 Humble Hilo | Creating a Common Thread • POS and Ecommerce by Shopify

